**BURNS & COHAN**
ATTORNEYS AT LAW

December 8, 2023

**VIA ECF**

Honorable Janis L. Sammartino
United States District Judge
 for the Southern District of California
Edward J. Schwartz United States Courthouse
221 West Broadway
San Diego, California 92101

      Re:    *United States v. David Newland, et al.*, S.D. Cal. No. 17-cr-0623-JLS

Dear Judge Sammartino:

      As you know, I represent James Dolan in the above-named case. I am writing, with his approval, regarding one of his co-Defendants, the snitch Steven Shedd. I use the word snitch advisedly because to refer to Shedd with the government's preferred, sterile term – "cooperator" – doesn't do justice to Shedd's rampant dishonesty and trial perjury.

      It has come to my attention that the government has entered into an agreement whereby it will agree to Shedd's withdrawing his guilty pleas to bribery and conspiracy to commit bribery, after which the government will move to dismiss all charges against Shedd. I have been involved in other cases in which I believed "cooperators" provided false evidence or testimony, and my clients and I have never before sought to be heard with respect to the disposition of those "cooperators'" cases. There are many reasons for that, not least of which the desire to avoid bad karma. But the Shedd situation is a bridge too far.

      As any fair-minded observer can see from the trial record, Shedd repeatedly lied during his testimony, seeking to benefit himself by effectively off-loading the penalty for his criminal conduct onto Mr. Dolan. Some of this, but far from all, is touched on in Mr. Dolan's post-trial motions to dismiss. *See* 3/1/23 Def. Memo. at 87-89 (Docket #1156). The best that can be said for Shedd with respect to this situation is that he was coached to perjure himself by the trial prosecutors – that is, that he was merely a cog in the prosecutors' scheme to suborn perjury and falsely convict Mr. Dolan. That hardly supports letting Shedd skate with no consequences for his admitted criminality, which was richly evidenced by objective evidence and his testimony. Instead of warranting leniency, Shedd's trial perjury requires an additional penalty, above-and-beyond what he should receive for his criminal conduct related to Leonard Franscis.

      Considering this, the government's decision to dismiss Shedd is morally and legally backwards. The only reasonable explanation for that decision is that the government is concerned that Shedd will reveal the trial prosecutors' scheme to suborn perjury, so the government has cut a deal to hide that. Indeed, one suspects that Shedd threatened to expose the trial prosecutors' scheme to extract the dismissal from the government. There is no other good explanation.

Judge Sammartino
December 8, 2023
Page Two

The Court should not allow itself to be used as a vehicle for this additional wrongdoing and cover-up. Instead, the Court should question not just the propriety of allowing Shedd to withdraw his guilty plea, but also what lies behind the "deal" struck by the government and Shedd. To that end, the Court should set in motion an investigation (including an evidentiary hearing) into the circumstances underlying Shedd's "deal," and, more broadly, into the government's misconduct in this case. That investigation should be designed to discover, reveal to the public, and ultimately punish the rampant misconduct in this case.

In that regard, it bears noting that while some seem to want to lay all the blame for this misconduct at Mark Pletcher's feet, he was far from alone. The other trial prosecutors are up-to-their-eyeballs in the misconduct, as is obvious from what is already known, and would be further illuminated by any fair investigation and examination of the facts. All four of them are long-time creatures of the United States Attorney's Office for this District, and their conduct is glaring evidence of the need for a re-set of the ethical culture of that office. That the leadership of that office instead gave the trial prosecutors an award for their (mis)conduct in this case speaks volumes, as does the fact that all four are still roaming the halls of that office, and the federal courthouses, wielding the immense power of the United States government. The new U.S. Attorney's decision to perpetuate this injustice by cutting the liar Shedd a dismissal deal shows this tradition of promoting and protecting prosecutorial misconduct is alive and well.

Incidentally, Mr. Dolan and I are aware that the government has also arrived at misdemeanor deals with Robert Gorsuch, Enrico DeGuzman, and Donald Hornbeck. There is nothing objectionable about those dispositions because those three men were also victims of the prosecutors' misconduct, and, unlike Shedd, they didn't join the government's conspiracy to submit perjury and obstruct justice. (Incidentally, I have it on good information that the trial prosecutors repeatedly tried to get those three men on board with their perjury conspiracy, but they were unsuccessful.) Their good fortune was not having to suffer the cost, time commitment, and stress of the trial, and to nonetheless benefit from what the other Defendants discovered from their long, difficult, and costly slog through trial and post-trial proceedings. The latter circumstance is something the Court can rectify, to some degree, by imposing monetary sanctions on the government for its misconduct – once that misconduct is thoroughly investigated and aired – payable to the trial Defendants in an amount equal to what they spent on their legal expenses, at least during and after trial.

On a final note, I have heard that Shedd seeks to excuse his trial perjury by pointing to a horribly tragic event in his personal life. I don't buy it because it doesn't make sense. Instead, it further evidences Shedd's shameless willingness to say whatever he thinks may benefit him, the truth be damned.

Judge Sammartino
December 8, 2023
Page Three

      Whatever the Court decides to do, please don't allow all this to pass without further investigation and accountability, as that will invite more of the same prosecutorial misconduct.

      Sincerely,

      TODD W. BURNS
      Counsel for James Dolan